DENIAL OF PETITION FOR REHEARING EN BANC
WILLIAM JOSEPH MORAN, Chief Justice.
Plaintiff-Appellant Bear Don’t Walk has petitioned this court for rehearing en banc pursuant to Rule 21 of the Rules of Appellant Procedure. Rule 21 provides that the adverse party may file and serve objections to a petition for rehearing. Defendant filed their objections on June 16, 2004. Rule 21(4), Part 9, Rules of Appellate Procedure allows the Chief Justice of the Court of Appeals to either deny or grant a petition for hearing en banc and provides that event to occur within fifteen days.
Further, Rule 21(3), Part 9, Rules of Appellate Procedure, provides that:
“A petition for rehearing en banc may be presented on the following grounds and no others:
(a) that some fact, material to the decision or some question decisive of the case submitted by counsel was overlooked by the Court;
(b) that the decision is in conflict with an express statute or controlling decision; or
(c) that the Court employed inappropriate procedures or considered facts outside the record on appeal.”
Plaintiff-Appellant presents three grounds that are the foundation for her petition for rehearing. First she avers that she was wrongly denied filing of her motion to amend the complaint for her failure to pay a filing fee. Therefore the Appellant states that the trial judge had not at the time of the appellate ruling even seen the amended complaint and therefore by extension the three justice panel could not have seen it either, Plaintiff-Appellant asks this court to find that to be the material fact requiring a rehearing en baric. For the following reason, I disagree.
As, the Defendants have correctly stated in their brief in opposition, the Court of Appeals did address that issue and found it not material to disposition of the case. Defendant’s brief, page 2. Since the three-judge panel addressed this issue it cannot *50 fairly represent a material fact requiring en bane rehearing.
Next, Plaintiff-Appellant did not justify specifically how the Court of Appeals decision is in conflict with an express statute or controlling decision. This Court must require a strict compliance with this requirement less any litigant who receives an unfavorable decision would again attempt to litigate issues that were not put in front of the Court in the first place, This lack of clarification in this averment in Appellants Petition for en banc rehearing defeats this attempted justification for rehearing.
Finally, Ground No. 3 is Plaintiff-Appellant’s explanation of why she or her counsel did not appear for oral argument although notice was proper. She correctly states that the Chief Justice has the authority to order an extension. The court after reviewing the circumstances decided that an order of extension was not warranted or that the request was untimely made. Although the request for extension was not granted the Appellant choose to attend to another scheduled event. The Appellant or her counsel did not appear for oral argument. Therefore the Court properly followed the The Rules of Appellate Procedure as follows: Rule 16(4) provides:
“If counsel for a party fails to appear, the court may hear arguments on behalf* of a party whose counsel is present, and the case will be decided on the briefs and the argument heard. If no counsel appears for any party, the case will be decided on the briefs.”
The Court of Appeals convened and the three-justice panel heard argument from the Defendant-Appellee and decided, the matter on that argument and the briefs submitted. The notice due process is not being challenged only that the Petitioner states that the “three judge panel did not have the benefit of hearing both sides.” 1 disagree. The panel of three justices sitting had briefs, the record below and Ap-pellee’s oral argument to assist them in reaching their decision. It was most probable that this situation was contemplated by the drafters of the CSKT Law and Order Code and the Court of Appeals followed the process provided them.
The Petition for hearing en Banc is hereby denied.